**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**AT COVINGTON**
**CIVIL ACTION NO. 16-33-DLB-JGW**

**UNITED STATES OF AMERICA**                                              **PLAINTIFF**

**V.**

**$61,401.00 IN UNITED STATES CURRENCY**                          **DEFENDANT**

**REPORT AND RECOMMENDATION**

Pending is the United States' motion to compel claimant to serve written responses, or in the alternative to strike the claim and enter default judgment. Doc. 14. Because claimant Dane Estler (hereafter referred to as "claimant") has not responded to the motion, court orders or otherwise prosecuted his claim the Court recommends that the motion be granted.

In February 2016, the United States filed this forfeiture action and claimant filed his answer on April 25, 2016. Docs. 9-1. The Court conducted a telephone conference with the claimant and the Assistant United States Attorney on May 9, 2016 and a scheduling order was entered which directed discovery to be completed by September 12, 2016. On September 9, 2016 the United States filed a status report indicating that the claimant has not responded to discovery requests. By order entered September 13, 2016 the Court instructed the United States to file a motion to compel which was filed September 16, 2016. The order also instructed the claimant to file a response by September 30, 2016. No response has been filed. On December 15, 2016 an order was entered directing the claimant to show cause, in writing, by January 4, 2017 why sanctions should not be imposed for his failure to comply with Court orders. The Court specifically warned claimant that "*[f]ailure to comply fully and timely with this order will result in the imposition of sanctions, including dismissal of this action.*" *Id.* (emphasis original). A copy of the order was sent by the Clerk of Court to claimant's last known address and was not

1

returned as undeliverable.

Claimant has demonstrated no interest in prosecuting his claim in the eight months which have elapsed since the Court's phone conference and scheduling order were entered. Claimant has failed to comply with multiple orders of the Court requiring him to engage in discovery. Moreover, the Court has warned claimant that failure to comply with orders of the Court could result in the imposition of sanctions, including possible dismissal of his claims.  Nonetheless, claimant has abandoned his claim, which has resulted in an unwarranted and inexplicable delay in the resolution of this case.  That delay is manifestly prejudicial to the United States' right to an efficacious resolution of this case.  Considering the foregoing, the Court concludes that there are no less drastic sanctions which would be reasonably likely to spur claimant to re-engage in this litigation in an appropriate manner.  Thus, although it generally is preferable to adjudicate cases on their merits, the United States' motion to strike claimant's claim should be granted.

Accordingly,

**IT IS RECOMMENDED:**

The United States' motion to strike the claim and enter default judgment (doc 14) should be **granted**.  The Clerk of Court is directed to send a copy of this order, certified mail (return receipt requested) to claimant Dane W. Estler, 15 Golf Drive, Mays Landing, NY 08330.

Particularized objections to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service or further appeal is waived.  Fed. R. Civ. P. 72(b)(2); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005); *Thomas v. Arn*, 728 F.2d 813 (6th Cir. 1984), *aff'd*, 474 U.S. 140, 155 (1985).  A general objection that does not "specify the issues of contention" is not sufficient to satisfy the requirement of a written and specific objection.  *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995)(citing *Howard v. Secretary*

*of HHS*, 932 F.2d 505, 508-09 (6th Cir. 1991)).  Poorly drafted objections, general objections, or objections that require a judge's interpretation should be afforded no effect and are insufficient to preserve the right of appeal.  *Howard*, 932 F.2d at 509.  A party may respond to another party's objections within fourteen days of being served with a copy of those objections.  Fed. R. Civ. P. 72(b)(2).

    This 8th February, 2017.

Signed By:
**J. Gregory Wehrman**
United States Magistrate Judge